UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT COBURN

CIVIL ACTION NO. 5:09-cv-01970

VERSUS

JUDGE ELIZABETH ERNY FOOTE

CITY OF BOSSIER CITY AND
AND GEORGE BRICE

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Defendants, the City of Bossier City ("the City") and George Brice ("Brice"), have filed a Motion for Reconsideration [Record Document 38] requesting that the Court reconsider its ruling on cross motions for summary judgment [See Record Documents 36 and 37]. For the reasons enunciated in its original Memorandum Ruling, the Court entered the following judgment:

> "Plaintiff's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.
>
> Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.
>
> More specifically, the Plaintiff's Motion for Summary Judgment is **GRANTED** insofar as it pertains to his claims under the due process protections afforded by the Louisiana Constitution and the minimum standards set forth in La. R.S. 33:2181(B)(1),(3),(4),(5), and (6). The Plaintiff's Motion for Summary Judgment is **DENIED** insofar as it pertains to La. R.S. 33:2181(B)(2). The Defendants' motion seeking dismissal of Plaintiff's claim pursuant to La. R.S. 33:2181(B)(2) is **GRANTED**. Defendants' Motion for Summary Judgment is **DENIED** on all other grounds."

For the reasons enunciated below, that judgment is modified in part only.

The Defendants raise several issues in their Motion for Reconsideration. First, the Defendants argue that the Plaintiff's admission that he did in fact take the Benadryl from the medicine cabinet in the firehouse creates a genuine issue of material fact. However, an admission by definition cannot create a fact issue: it is a fact admitted to be true. The Court considered this fact in rendering its original ruling and deemed it irrelevant to the inquiries before the Court. This admission occurred at what Defendants euphemistically refer to as the "pre-disciplinary hearing", that is, the only hearing which the Plaintiff was afforded before he was terminated. The Court has detailed in its previous ruling how this "hearing" violated the Plaintiff's due process rights as well as the statutory protections of La. R.S. 33:2181.

Second, Defendants contend that the Court's holding that the Plaintiff was "under investigation" within the meaning of La. R.S. 33:2181 required the Court to weigh evidence, evaluate credibility, and resolve factual disputes. For the detailed reasons set out in its Memorandum Ruling, this Court notes that there was no material dispute as to the facts in this matter. What was in dispute was a matter of law: whether or not these facts are sufficient to constitute an "investigation" within the meaning of the law. The Court specifically held that the undisputed facts did constitute an "investigation" such that the protections afforded under La. R.S. 33:2181 were triggered. Defendants argue in the pending motion that Defendant George Brice's statement that he did not consider the Plaintiff "under investigation" is sufficient to raise a genuine issue of material fact. This

Court disagrees. Such a conclusory statement standing alone is insufficient to create a genuine issue of material fact.

Third, Defendants note that the Plaintiff raised only one violation of the Louisiana Firefighters Bill of Rights, that is, La. R.S. 33:2181(B)(5), the right to call witnesses. Defendants' point is well taken.  This Court did do an analysis of all six of the minimum standards set forth in La. R.S. 33:2181(B).  However, that statute provides that any violation of any one of the six minimum standards renders the proceedings a nullity.  Thus, the Court's holdings as to sub-sections 1, 2, 3, 4 and 6 of the statute are superfluous. However, Defendants' point is well taken and the judgment should be modified to reflect same.

The fourth issue raised by Defendants is that any determination that the state law procedural due process had been violated also required a factual determination by the Court.  Here again, for the detailed reasons in its memorandum, the Court notes that there are no material facts in dispute.  The only question is whether or not under those facts the proceedings were fundamentally unfair to the Plaintiff, that is, whether he received real notice before the hearing and an opportunity to be heard at a meaningful time and in a meaningful manner.  The Court held that the undisputed facts do not constitute meaningful due process to the Plaintiff.

The issue of what inferences can be raised from the Plaintiff's assertion of his Fifth Amendment rights in the discovery process in this lawsuit is discussed in detail in the Memorandum Ruling.  Nothing in Defendants' motion causes this Court to reconsider that

ruling.

For the reasons enunciated above, the original judgment [Record Document 37] will be modified by a separate judgment to read in its entirety as follows:

> For the reasons enunciated in the original Memorandum Ruling [Record Document 36] and for the reasons enunciated in the Memorandum Ruling on the Motion for Reconsideration, Plaintiff's Motion for Partial Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 26th day of June, 2012.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE